# NO. 12-19-00367-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HEATHER JANEA GEORGE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Heather Janea George appeals her conviction for terroristic threat. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with terroristic threat.[1] She pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that the Smith County Sheriff's Office received the following message through its web portal:

- **Name:** William shutter

- **Email:** *williamashutter2@gmail.com*

- **Questions:** What would your piece of shit office do if I came in and blew the place to ground zero? Punk ass cops won't do shit. Tyler TX P.D. is WORTHLESS along with

---

[1] A third-degree felony as charged. *See* TEX. PENAL CODE ANN. § 22.07(a)(6), (e) (West 2019).

all other police stations. STUPID FUCKS CANT CATCH ANYONE!!!! Bet you won't come get me 3509 fm 2767 BITCHES

- **Timestamp:** 03/05/2018 at 12:01 PM

- **Ip Address:** 217.20.114.168

Smith County Detective Josh Hill was assigned to investigate the threat. He and three other detectives went to the address indicated in the threat and contacted a Robert Toole, who informed them that William Shutter was not home and gave them his cell phone number. Hill had a phone conversation with Shutter, who was working out of state at the time. He became aware of Shutter's estranged wife, Appellant, and decided to investigate her further.

While investigating Appellant, Detective Hill found a Facebook page apparently belonging to her. The page contained several posts made around the time of the threat that were taunting and derogatory toward Shutter and his family. Hill contacted Appellant at her residence in Sabine County and asked to look at her cell phone. She consented. Hill found evidence on the phone that Appellant had access to the email account indicated in the threat message. He also found a taunting text message that was sent to Shutter.

When Detective Hill asked Appellant whether there were any computers in the house, she said there were none. Subsequently, Appellant's grandparents showed Hill a computer in the house. Hill took a picture of the computer's browser history from the day the threat was sent. He later went to the websites in the browser history and learned that some of them were websites used to mask a user's identifying information.

When Shutter returned to Texas, he spoke with Detective Hill. During the interview, Shutter gave Hill complete access to his cell phone and its contents. Hill testified that after the interview with Shutter, his investigation shifted.

Detective Hill obtained a search warrant for Appellant's residence and certain items within it. Several other Smith County detectives and Sabine County Deputy Sheriff Sergeant Miller[2] went with Hill to execute the warrant. When they arrived, Hill took Appellant's cell phone and told her to get her children and exit the residence. Hill laid the phone on the couch, asked Sergeant Miller to ensure all the occupants exited the residence, and went outside to take

---

[2] Sergeant Miller's first name does not appear in the record.

pictures of the residence's exterior. When Hill went back inside, he saw Appellant with her phone in her hand. He took the phone and noticed it was now turned off. When he powered the phone back up, he saw that it had undergone a factory reset.

Detective Hill next obtained an arrest warrant for Appellant and, because the phone was now "wiped," requested her cell phone records. The records showed data activity at 12:01:16 and 12:01:19, very close to the time the threat was received. Detective Justin Hall performed an extraction on the phone. The extraction revealed that the phone contained IP Sec, which is used in creating a VPN for masking a user's true IP address. Hill's investigation further revealed that the IP address in the threat message came from a VPN.

Ultimately, the jury found Appellant "guilty." Appellant testified at the punishment trial and admitted that she sent the threat to get Shutter in trouble. The jury assessed her punishment at imprisonment for eight years. This appeal followed.


## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that she has reviewed the record and found no reversible error or jurisdictional defects. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

Appellant contends in her pro se response that (1) the evidence is legally and factually insufficient to support her conviction, (2) her counsel was ineffective, and (3) prosecutorial misconduct and trial court bias resulted in a denial of her right to an impartial jury.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of the motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

### CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-19-00367-CR**

**HEATHER JANEA GEORGE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1686-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*